**REC NO: 27058**

# Frio County, Texas
## Ofilia M. Trevino, District Clerk
500 East San Antonio St. Box 8
Pearsall, Texas 78061
(830) 334-8073

DATE : 06/08/2021          TIME : 01:20pm

YOUR CASHIER WAS: SSALAZAR         REGISTER NO : 5

RECVD FROM:   CARLOS BOLIVAR

| ITEM DESCRIPTION | GFE NO. | CLERK/CAUSE NO. | QTY | FEES PAID |
|---|---|---|---|---|
| COPIES | | 21-06-00184CVF | 13 | $ 13.00 |
| | | **TOTAL FEES PAID** | | **$ 13.00** |

---------------- AMOUNT TENDERED ----------------

| | |
|---|---|
| CASH RECEIVED | $ 0.00 |
| CHECKS RECEIVED | $ 0.00 |
| CC RECEIVED | $ 13.00 |
| TIME SERVED | $ 0.00 |
| WAIVED FEES | $ 0.00 |
| DEPOSITORY DEBIT | $ 0.00 |
| DIRECT DEPOSIT | $ 0.00 |
| **TOTAL RECEIVED** | **$ 13.00** |

-------------- TRANSACTION SUMMARY --------------

| | |
|---|---|
| TOTAL RECEIVED | $ 13.00 |
| TOTAL FEES PAID | $ 13.00 |
| **CHANGE DUE BACK** | **$ 0.00** |

---------- CREDIT CARD AUTHORIZATION ----------

AUTH # 100222400999       $ 13.00

**REC NO. 27058 CLOSED**

Thank you

*Ofilia M. Trevino*
District Clerk



EXHIBIT C



# OFFICE OF DISTRICT CLERK

500 E. SAN ANTONIO ST., No. 8            PEARSALL, TEXAS 78061

**OFILIA M. TREVINO**
DISTRICT CLERK

STATE OF TEXAS

COUNTY OF FRIO

I, **OFILIA M. TREVINO**, Clerk of The District Court of Frio County, Texas, Hereby Certify That The Within And Foregoing Is A Full, True, And Correct Copy/Copies of

**PLAINTIFFS' ORIGINAL PETITION**

As It Appears on File In My Office Among The Papers In Cause No. **21-06-00184CVF, JOE LEWIS GONZALEZ AND ROSA E. FLORES-GONZALEZ VS. BIRDS EYE VIEW TRUCKING, LLC AND ROY DAVID BIRDSONG III.**

**GIVEN UNDER MY HAND** And the Seal of The Said Courts at My Office In Pearsall, Texas This The 8th Of June, 2021.

By: _____ Deputy Clerk



PHONE: (830) 334-8073      EMAIL: districtclerk@friocounty.org      FAX: (830) 334-0047
(830) 334-2154 #7

Filed 6/2/2021 5:04 PM
Ofilia M. Trevino
District Clerk
Frio County, Texas
Lupe Esquivel

21-06-00184CVF

CAUSE NO. _____

| | | |
|---|---|---|
| JOE LEWIS GONZALEZ and | § | IN THE DISTRICT COURT |
| ROSA E. FLORES-GONZALEZ | § | |
| *Plaintiffs,* | § | |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| BIRDS EYE VIEW TRUCKING, LLC. | § | |
| and ROY DAVID BIRDSONG III | § | |
| *Defendants.* | § | FRIO COUNTY, TEXAS |

PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE AND JURY OF THE COURT:

NOW COME JOE LEWIS GONZALEZ, hereinafter "GONZALEZ", and ROSA E. FLORES-GONZALEZ, hereinafter "FLORES-GONZALEZ", sometimes collectively referred to as "Plaintiffs", and file this their *Original Petition* complaining of BIRDS EYE VIEW TRUCKING, LLC., hereinafter referred to as "BIRDS EYE" and its employees, partners, drivers, agents and/or representatives, including ROY DAVID BIRDSONG III, hereinafter referred to as "BIRDSONG", sometimes collectively referred to as "Defendants" and for numerous causes of action as hereinafter stated, would respectfully show, as follows:

I. DISCOVERY LEVEL

1.1     Discovery in this matter should be conducted under Level 3 pursuant to the Texas Rules of Civil Procedure.

## II. PARTIES

2.1  Plaintiff JOE LEWIS GONZALEZ is an individual and resident of Eagle Pass, Maverick County, Texas.

2.2  Plaintiff ROSA E. FLORES-GONZALEZ is an individual and resident of Eagle Pass, Maverick County, Texas.

2.3  Defendant BIRDS EYE VIEW TRUCKING, LLC. is a foreign corporation who regularly conducts business in the State of Texas. Service of process may be effectuated by serving said business through its registered agent: Cantrece Reed, 2801 Manhattan St., Unite 1073, Harvey, LA 70059 or wherever he may be found.

2.4  Defendant ROY DAVID BIRDSONG III is an individual and resident of New Orleans, Orleans Parish County, Louisiana. Service of process may be effectuated by serving Defendant at 1651 Lafreniere St., New Orleans, Louisiana 70122 or wherever he may be found.

## III. JURISDICTION and VENUE

3.1  Venue is proper pursuant to Section 15.002(a)(1) of the Texas Civil Practice & Remedies Code in that all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Frio County, Texas.

3.2  This Court has jurisdiction over Defendants because said Defendants purposefully availed themselves of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said

Defendants and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

3.3   Plaintiffs would show Defendants had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendants.

3.4   Furthermore, Plaintiffs would show Defendants engaged in activities constituting business in the State of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendants committed a tort in whole or in part in Texas and recruits or has recruited Texas residents for employment inside or outside this state. Furthermore, Defendants have derived benefits, advantages and/or economic profits from the State of Texas. Additionally, Defendants regularly conduct business in the State of Texas; thereby intending to serve the Texas market.

3.5   Plaintiffs seek monetary relief over $1,000,000.00.

## IV. NATURE OF CAUSE

4.1   Plaintiffs bring this cause of action to recover damages for personal injuries, and other damages sustained by them and arising out of a motor vehicle collision, occurring on or about August 27, 2019 in or around Frio County, Texas.

## V. FACTS

5.1   Plaintiffs, GONZALEZ and FLORES-GONZALEZ, were lawfully traveling southbound on Interstate 35. GONZALEZ was operating his vehicle in a lawful and



prudent manner while exercising reasonable levels of ordinary care for the safety of himself and his surroundings. Plaintiffs contined to travel on Interstate 35 when they were suddenly and unexpectedly struck by a tractor-trailer, operated by Defedant BIRDSONG, an employee, partner, vice-principal, driver and/or agent of Defendant BIRDS EYE. GONZALEZ took precautions against creating unreasonable risks of injury to other persons to evade any potential collision(s). However, BIRDSONG struck Plaintiffs' vehicle with his front right quarter panel when he made an unsafe lane change. Immediately upon impact, Plaintiffs' vehicle rotated left and directly towards Defendant BIRDSONG's projected route. Both vehicles cample to a complete halt upon the roadway's shoulder. A general duty of care is imposed on all human activity. Here, Defendants' duty of care extended to all reasonably foreseeable plaintiffs, GONZALEZ and FLORES-GONZALEZ included. Defendants' negligence was a proximate cause of the collision. Defendant BIRDSONG breached his duty of care owerd towards Plaintiffs. In particular, BIRDSONG operated the tractor-trailer in an careless, imprudent and reckless manner. Defendant BIRDSONG failed to exercise reasonable care by making an unsafe lane change and consequently slammed into Plaintiffs' vehicle. Because of Defendants' negligence, Plaintiffs sustained serious and permanent injuries to their persons.

## VI. RESPONDEAT SUPERIOR

6.1     At the time of the collision described herein, Defendant BIRDSONG was the agent, driver, servant and/or employee of BIRDS EYE while acting within the course and scope



of his employment as an agent, driver, servant and/or employee of BIRDS EYE. Defendant BIRDSONG was operating the tractor-trailer with the knowledge, consent and actual permission and/or implied permission of Defendant BIRDS EYE. Accordingly, Defendants BIRDS EYE and BIRDSONG are joint and severally liable for all of Plaintiff's damages under the *Doctrine of Respondeat Superior* since the negligence of BIRDS EYE's employees, agents and/or representatives were a proximate cause of the damages and injuries described herein.

## VII. AGENT

7.1 In addition to and without waiving the foregoing, Plaintiffs would show that at the time of the incident mentioned herein, Defendant BIRDSONG was an authorized agent of Defendant BIRDS EYE and was acting within the course and scope of his implied and/or express authority as such agent. Therefore, Defendants BIRDS EYE and BIRDSONG are joint and severally liable for Plaintiffs damages arising under the *Doctrine of Respondeat Superior*.

## VIII. JOINT-VENTURE/ JOINT-ENTERPRISE

8.1 At all times mentioned herein, the Defendants were engaged in a joint-venture enterprise in that Defendants' employees, partners, drivers, representatives and/or agents were in route to further the business of BIRDS EYE individually. Both BIRDS EYE and BIRDSONG shared control of the tractor-trailer at the time of the incident described herein. BIRDSONG by physically operating the tractor-trailer and BIRD SONG by



planning its course of travel by directing the former as to the route and times to be followed in furtherance of their mutual enterprise. Among other things, BIRDS EYE and BIRDSONG had an agreement regarding the endeavor in question (i.e., BIRDSONG's trip on August 27, 2019; a common business, purpose and pecuniary interest in the enterprise altogether). Hence, Defendants are joint and severally liable for Plaintiffs damages.

## IX. NEGLIGENCE (BIRDSONG)

9.1   Plaintiffs would show that on the occasion in question, Defendant BIRDSONG was negligent in various acts and omissions, including but not limited to the following, said negligence being a proximate cause of the collision in question:

1. In failing to keep a proper lookout for Plaintiffs;

2. In operating the tractor-trailer at an unsafe and excessive speed;

3. In failing to control his speed;

4. In operating the tractor trailer in a manner which posed a danger to the traveling public;

5. In failing to maintain and/or control the speed of the tractor-trailer Defendant was driving as a reasonable and prudent driver would have done under the same or similar circumstances;

6. In failing to properly operate the tractor-trailer in order to avoid the collision in question;

7. In failing to take evasive action in order to avoid the collision;

8. In failing to maintain proper control of his tractor-trailer;

9. In operating the tractor-trailer in an exhausted and un-alert physical and mental state of being, knowing that it was unsafe to do so.

10. In operating the tractor-trailer against the rules and regulations of the Texas Department of Public Safety;

11. In failing to timely apply the brakes to the tractor-trailer; and

12. In driving the vehicle in willful and wanton disregard for the safety of persons or property in violation of Texas Transportation Code § 545.401, VTCS.

9.2    Each and all of the above and foregoing acts, both of omission and commission constituted negligence, and were a proximate cause of the serious and permanent injuries suffered by Plaintiffs and made the basis of this suit for damages.

## X. NEGLIGENCE PER SE (BIRDSONG)

10.1   Plaintiff would further show that Defendant BIRDSONG was negligent per se as a matter of law in driving his tractor-trailer upon a public street in a reckless manner:

1. V.T.C.A., Transportation Code, Section 545.351(b)(2) states in relevant part that: "A person commits an offense if the person fails to control the speed of his vehicle as a reasonable and prudent person would have done under the same or similar circumstances"; and,

2. Transportation Code § 545.401, VTCS states: "A person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property."

10.2   Plaintiffs are among those persons intended to be protected by Vernon's Texas Civil Statutes, Texas Transportation Code §§ 545.351(b)(2), and 545.401. Defendant BIRDSONG failed to comply with the provisions of said statutes and the violations constitute negligence per se, as a matter of law. Plaintiffs reserve the right to amend this petition upon the discovery of further statutory violations.

## XI. NEGLIGENT ENTRUSTMENT AND HIRING (BIRDSEYE)

11.1 In addition to and without waiving the foregoing, Plaintiffs would show that at the time of the incident in question, Defendants BIRDS EYE and BIRDSONG maintained mutual control over the tractor-trailer BIRDSONG was operating. On and before August 27, 2019, Defendant BIRDS EYE was negligent in hiring, entrusting and supervising Defendant BIRDSONG and in providing a dangerous instrument eg. the tractor-trailer, to Defendant BIRDSONG for the purpose of operating same on the public highways, roadways, and streets of Texas in furtherance of Defendant BIRD EYE's business and profits. Thereafter, Defendant BIRDSONG operated the tractor-trailer with the full knowledge, consent and permission Defendant BIRDS EYE. At all times herein, Defendant BIRDSONG was incompetent and unfit to safely operate a tractor-trailer on and the public streets and highways of any state or country. Further, Defendant BIRDS EYE knew, or should have known that Defendant BIRDSONG was an incompetent, reckless and an unfit driver in that he would create or pose an unreasonable risk of danger to persons and property on the public streets and highways of the State of Texas.

11.2 In addition, Defendant BIRDS EYE was negligent in various acts and omissions, including but not limited to the following:

1. In the hiring of Defendant BIRDSONG;

2. In failing to properly investigate Defendant BIRDSONG's driving ability, prior employment history and driving history;

3. In failing to properly train Defendant BIRDSONG to drive BIRDS EYE's tractor-trailers in a safe and prudent manner;

4. In failing to properly supervise Defendant BIRDSONG to ensure that he would operate Defendant BIRDS EYE's tractor-trailers in a safe and prudent manner;

5. In failing to make a prudent inquiry into the driving competency of Defendant BIRDSONG;

6. In entrusting the vehicle driven by Defendant BIRDSONG on the occasion in question in that BIRDSONG was an unskilled, incompetent and reckless driver, of which BIRDS EYE knew or through the exercise of ordinary care, should have known; and

7. In allowing Defendant BIRDS EYE's tractor-trailer to have been operated on the occasion in question by an individual, i.e., BIRDSONG, who was not properly qualified to operate such tractor-trailer;

11.3  Each and all of the above foregoing acts, constituted negligence and were a contributing proximate cause of the collision and damages made the basis of this suit.

## XII. PERSONAL INJURY DAMAGES

12.1  Plaintiffs, GONZALEZ and FLORES-GONZALEZ, would show that as a proximate cause of Defendants' neglignce, they have suffered serious and permanent injuries to their persons. Plaintiffs will plausibly continue to suffer for an extended period of time. Plaintiffs' injuries have had a serious effect on both their health and well-being. Plaintiff's ill effects have, in turn, caused them physical and mental conditions to deteriorate generally so that the specific injuries and ill effects alleged have caused and will in all reasonable probability cause them to suffer the

consequences and ill effects of such deterioration throughout their bodies long into the future, if not for the balance of their natural life for which the Plaintiffs hereby sue the Defendants in an amount the Jury deems just and fair.

12.1  Plaintiffs, GONZALEZ and FLORES-GONZALEZ, would show that as a result of the above described injuries, they have suffered: (a) conscious physical and mental pain and anguish in the past and future; (b) physical impairment in the past and future; (c) disfigurement in the past and future; (d) loss of wages and a loss of wage earning capacity in the past and future; and, (e) necessary and reasonable medical expenses in the past.

These past expenses were incurred for the necessary care and treatment of Plaintiffs injuries resulting from the incident complained of herein and the charges were reasonable and customary in the areas of Bexar, Frio, Val Verde, Maverick, Dimmit, Zavala and Uvalde County(ies). As a further result of the physical injuries sustained by Plaintiffs, there is a reasonable probability that they will incur additional necessary expenses for medical care and attention in the future, all for which the Plaintiffs hereby sue the Defendants in an amount within the jurisdictional limits of the Court.

### XIII. REQUEST FOR DISCLOSURE

13.1  Pursuant to Tex. R. Civ. P. 194, Defendants are requested to disclose, within fifty, (50) days of service of this request, the information or material described in Rule 194.2 (a)(1).

### XIV. PRE-JUDGMENT AND POST-JUDGMENT INTEREST



14.1    Plaintiffs further allege that they are entitled to recover pre-judgment and post-judgment interest at the legal rate as provided by Section 304.001 *et. seq.* of the Texas Finance Code, VTCS.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that all the Defendants be cited to appear and answer herein, that upon a final trial of this cause, Plaintiffs recover judgment against Defendants, joint and severally, for all Plaintiffs' damages as set forth herein; that Plaintiffs recover pre-judgment and post-judgment interest at the legal rate, costs of court and for such other and further relief to which Plaintiffs may be entitled under equity and in law.

Respectfully Submitted,

NEVÁREZ LAW GROUP, P.C.
780 Rio Grande St.
Eagle Pass, Texas 78852
Telephone: 830.776.7003
Telecopier: 830.776.7004

By: /s/ Poncho Nevarez
Alfonso Nevárez C.
State Bar No. 24005376
anc@nevarezlawgroup.com
Mariliza V. Williams
State Bar No. 24084651
mvw@nevarezlawgroup.com

ATTORNEYS FOR PLAINTIFF



## JURY DEMAND

NOW COME Plaintiffs in the above-styled and numbered cause and with all respect request a trial by a fair and impartial Court and Jury as is guaranteed by the United States of America and the State of Texas Constitutions.

_____
Alfonso Nevárez C.

